IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

GREG ARTHMANN,

    Plaintiff,

v.

CAB ASSET MANAGEMENT,
LLC, a corporation, and
ALBERT J.A. YOUNG, an individual,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA")..

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, GREG ARTHMANN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Miami Dade, and City of Miami.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, CAB ASSET MANAGEMENT, LLC ("Defendant") or ("CAB") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. At all relevant times herein, Defendant, Albert J.A. Young ("Defendant Young") was owner of Defendant CAB. As an officer, shareholder and/or director of Defendant CAB, Defendant Young was responsible for the overall success of the company. Defendant Young is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant CAB's business; as the owner of Defendant CAB, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant CAB's affairs and Defendant Young continued to play a key role in maintaining and expanding Defendant CAB's debt collection activities throughout the time in question.

## FACTUAL ALLEGATIONS

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or about September 30, 2010, "Mr. Green," one of Defendant CAB's collection agents contacted Plaintiff by telephone and left a voicemail indicating that "[A] matter had been assigned to him for a 'recommendation,' as it was 'attached to [Plaintiff's] name and social security number."

12. The only inference to be drawn from Defendant CAB's phone message was that Defendant CAB was threatening legal action and/or negative credit reporting in connection with an alleged debt, which constituted a false threat, as well as a threat to exercise a legal right that Defendant CAB knows it does not/did not possess.

13. In several recorded phone messages to Plaintiff, Defendant CAB failed to notify Plaintiff during each collection contact that the communication was from a debt collector.

14. Defendant CAB did place several non-emergency telephone call using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs prior express consent, for which Plaintiff was charged for the call.

15. Defendant Young as owner of Defendant CAB is directly responsible for Defendant CAB's violations.

16. Defendant Young exercised control over the affairs of Defendant CAB and/or was regularly engaged, directly and indirectly, in the collection of debts.

17. Defendants actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing a non-emergency telephone call using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiff's prior express consent, for which Plaintiff was charged for the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST CAB

24. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

25. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right with the knowledge that the debt does not exist.

26. As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GREG ARTHMANN, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 20__.

Respectfully submitted,
**GREG ARTHMANN**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com